IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

FILED
MAY 18 2000
CLERK, U.S. ...
WESTERN DISTRICT OF TEXAS
BY _____

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No.: SA-99-CV-1025-HG |
| WEINER'S STORES, INC., | § § | |
| Defendant. | § | |

## CONSENT DECREE

The parties to this Consent Decree are the Plaintiff, United States Equal Employment Opportunity Commission ("EEOC"), and Defendant, Weiner's Stores, Inc. ("Weiner's "). This Consent Decree resolves the allegations raised by the EEOC in the above-referenced Civil Action No. SA-99-CV-1025-HG. The EEOC initiated this lawsuit under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991, to correct alleged unlawful employment practices on the basis of race, and to provide appropriate relief to Earl Harris ("Harris"), who the EEOC alleges was terminated by Weiner's because of his race, African-American. Weiner's denies the allegations brought by the EEOC as alleged in the Complaint filed in this Civil Action.

IT IS ORDERED, ADJUDGED AND DECREED as follows:

1. This Court has jurisdiction of the subject matter of this action and the parties, venue is proper, and all administrative prerequisites to the EEOC's filing of this action have been met. The parties stipulate to the Court's jurisdiction.

2. This Decree is entered in full and complete settlement of all claims contained in this lawsuit. EEOC expressly reserves its right to process and litigate any other charges which may now be pending or may in the future be filed against Defendant Weiner's .



3. The duration of this Decree shall be two years from the date of its filing with the Court. This Court shall retain jurisdiction of this action during the period of this Decree and may enter further orders or modifications as may be appropriate.

4. Defendant Weiner's will continue to follow its current policy and not engage in discriminatory treatment of its employees based on their race, or any other impermissible reason, including discharging any employee because of his/her race.

5. Defendant Weiner's will not retaliate in any manner whatsoever, against Earl Harris, for opposing any employment practice made unlawful by Title VII, or for filing a discrimination charge, giving testimony or assistance, or participating in any manner in any investigation, proceeding, hearing or action under Title VII.

6. Within 180 days of the date of entry of this Decree, in connection with its current practice, Weiner's shall provide EEO training to Regional Manager, Arturo Gonzalez. The training may take place as a part of Weiner's current in-service training program and will be for a minimum of 2 hours. The training shall: (a) explain that racial and other Title VII protected-status discrimination is unlawful; (b) instruct what conduct may constitute racially discriminatory conduct; and (c) explain the damaging effects of racial discrimination to victims, their families, their co-workers, and the workplace environment. Within 30 days after the EEO training has been completed, Weiner's shall provide to the EEOC a copy of a signed statement from Arturo Gonzalez and the individual(s) providing said training confirming the completion of the training.

7. Defendant Weiner's agrees to post a notice, for at least the duration of this Decree, of its intent to comply with Title VII. This notice is set forth in Exhibit "A," which is attached to this Decree. Weiner's agrees to post a copy of Exhibit "A" in a conspicuous place at Weiner's Store No.

87 in San Antonio, Texas, within ten days after this Decree is filed.

8. Defendant Weiner's agrees to provide a neutral reference for Earl Harris to anyone inquiring as to Earl Harris's work history with Weiner's, including prospective employers who may request such a reference. Defendant Weiner's also agrees not to disclose the filing of this Complaint or the underlying charge filed by Earl Harris to any prospective employers who may inquire about Harris's work history with Weiner's. This provision shall survive the expiration of the Decree.

9. Defendant Weiner's, in full and final settlement of any and all claims asserted in this dispute, shall pay to Earl Harris, the amount of $48,000.00 (FORTY-EIGHT THOUSAND DOLLARS and 00/100). Payment shall be made by Weiner's agent within thirty(30) days of the date this Decree is entered by the Court. Payment shall be by check made payable to Earl Harris at 8296 Morning Grove, Converse, Texas 78109. A copy of the settlement check and any accompanying transmittal documents shall be forwarded to the EEOC to the attention of Robert B. Harwin, Regional Attorney, 5410 Fredericksburg Road, Suite 200, San Antonio, Texas 78229.

10. Although entering into this Consent Decree, Defendant Weiner's does not admit to any wrongdoing or alleged unlawful employment practices on the basis of race or any other basis, and, in fact, denies such allegations.

11. The terms of this Decree shall be binding upon the EEOC and Defendant Weiner's and its agents or assigns, as to the issues resolved herein.

12. The parties to this Decree shall bear their own costs and attorney's fees incurred in this action. The parties agree that pursuant to Section 706(k) of Title VII, 42 U.S.C. §2000e-5(k), there is no "prevailing party" in this action or proceeding.

SO ORDERED.

Signed this 18th day of May, 2000.

*H. F. Garcia (signature)*

H. F. GARCIA
United States District Judge

Respectfully Submitted,

C. GREGORY STEWART
General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

*Robert B. Harwin (signature)*

ROBERT B. HARWIN
Regional Attorney
D.C. State Bar No. 076083

*Robert B. Harwin for (signature)* w/ th permission

LINDA GUTIERREZ
Supervisory Trial Attorney
Texas State Bar No. 08642750

*R. Chris Pittard (signature)*

R. CHRIS PITTARD
Trial Attorney
Texas State Bar No. 00794465
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
San Antonio District Office
5410 Fredericksburg Road, Suite 200
San Antonio, Texas  78229-3555
(210) 281-7636 (Telephone)
(210) 281-7669 (Facsimile)

*Peyton N. Smith (signature)*

PEYTON N. SMITH
Texas State Bar No. 18465350

MICHELLE D. GAMBINO
Texas State Bar No. 24010045
WINSTEAD SECHREST & MINICK, P.C.
100 Congress Avenue, Suite 800
Austin, Texas 78701
(512) 370-2800 (Telephone)
(512) 370-2850 (Facsimile)

ATTORNEYS FOR DEFENDANT                              ATTORNEYS FOR PLAINTIFF

## NOTICE TO ALL EMPLOYEES

WEINER'S STORES, INC. IS FIRMLY COMMITTED TO TREATING EMPLOYEES AND APPLICANTS FOR EMPLOYMENT ACCORDING TO MERIT WITHOUT REGARD TO THEIR RACE, RELIGION, COLOR, NATIONAL ORIGIN, SEX, OR THEIR HAVING ENGAGED IN ACTIVITY PROTECTED BY TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED. THIS POLICY APPLIES TO ALL EMPLOYMENT DECISIONS, INCLUDING RECRUITMENT, RETENTION, PROMOTION, TRANSFER, LAYOFF AND/OR TERMINATION, AND ALL OTHER TERMS AND CONDITIONS OF EMPLOYMENT. WEINER'S STORES, INC., WILL SPECIFICALLY NOT TOLERATE DISCRIMINATION OF ITS EMPLOYEES BASED ON RACE, COLOR, SEX, RELIGION, NATIONAL ORIGIN, AGE OR DISABILITY.

IF YOU BELIEVE YOU ARE BEING DISCRIMINATED AGAINST IN ANY TERM OR CONDITION OF YOUR EMPLOYMENT BECAUSE OF YOUR RACE, RELIGION, COLOR, NATIONAL ORIGIN, SEX, AGE OR DISABILITY; OR THAT YOU ARE BEING SUBJECTED TO HARASSMENT BECAUSE OF YOUR RACE, RELIGION, COLOR, NATIONAL ORIGIN, SEX, AGE OR DISABILITY; OR BECAUSE OF HAVING ENGAGED IN TITLE VII-PROTECTED ACTIVITY, YOU ARE ENCOURAGED TO SEEK ASSISTANCE FROM SUPERVISORY PERSONNEL, OR FROM THE UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, 5410 FREDERICKSBURG RD, SUITE 200, SAN ANTONIO, TEXAS 78229-3550, (210) 281-7600 OR 1-800-669-4000.

NO RETALIATORY ACTION MAY BE TAKEN AGAINST YOU FOR SEEKING ASSISTANCE, FILING A CHARGE, OR COMMUNICATING WITH THE UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION.

EEOC ENFORCES TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, WHICH PROHIBITS EMPLOYMENT DISCRIMINATION BASED ON RACE, COLOR, RELIGION, SEX OR NATIONAL ORIGIN; THE AGE DISCRIMINATION IN EMPLOYMENT ACT; THE EQUAL PAY ACT; PROHIBITIONS AGAINST DISCRIMINATION AFFECTING INDIVIDUALS WITH DISABILITIES IN THE FEDERAL SECTOR; SECTIONS OF THE CIVIL RIGHTS ACT OF 1991, AND TITLE I OF THE AMERICANS WITH DISABILITIES ACT, WHICH PROHIBITS DISCRIMINATION AGAINST PEOPLE WITH DISABILITIES IN THE PRIVATE SECTOR AND STATE AND LOCAL GOVERNMENTS.

**EXHIBIT "A"**